No. 14-15890

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellees,

v.

TODD CHRISTOPHER INTERNATIONAL INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,

Defendant-Appellee

KIM MORRISON

Objector-Appellant

Motion of Kim Morrison for an extension of time to file opening brief per FRAP 31-2.2; Memorandum of Points and Authorities; and Declaration of Denise Gibbon

Denise H. Gibbon
P.O. Box 5214
Cary, NC  27512
631-875-6600
dhgibbon@gmail.com

## MEMORANDUM OF POINTS AND AUTHORITIES

Appellant Kim Morrison makes a Motion for an Order of Extension to extend the time to file an Opening Brief per 9th Cir. R. 31-2.2(b), reinstating her appeal and with leave to file a late opening brief on the same day Appellant Cochran's Opening Brief is due or within 15 days of relief, whichever is later, as all of the Appellants in this case intend to file a Motion to Consolidate Appeals.

As stated in the Ninth Circuit Rule 27(b), "A party adversely affected by the court's, or the clerk's, action may file a motion to reconsider, vacate, or modify that action."

The Court may reset the briefing schedule and allow the filing of a late Opening Brief. Fed. R. App. P. 26(b)

"Among the circumstances which appellate courts generally consider in granting motions for late filing of briefs and other papers are 'good cause' for the failure, the absence of previous requests for extensions, lack of prejudice to the opposing party, and the merit of the appeal. See, e.g., *Pyramid Motor Freight Corp. v. Ispass,* 330 U.S. 695, 702-705, 67 S.Ct. 945, 91 L.Ed. 1184 (1947); *Bressler v. Bressler,* 105 U.S.App.D.C. 306, 266 F.2d 904 (1959); *Stumpf v. Matthews,* note 6 supra; *Citizens' Protective League, Inc. v. Clark,* 85 U.S.App.D.C. 282, 178 F.2d 703 (1949); *Gunther v. E.I. Du Pont de Nemours & Co.,* 255 F.2d 710, 715 (4th Cir. 1958); *Arline v. Brown,* 190 F.2d 180 (5th Cir. 1951); *Harbison v. Chicago,* R.I. & P.Ry.Co., 327 Mo. 440, 37 S.W.2d 609 (1931); *Snouffer v. Bartlett,* 65 N.E.2d 659 (Ohio App.1946). This court customarily grants extensions of time in which to file briefs, unless it is clear that there has been flagrant abuse. See *Creel v. Creel,* 87 U.S.App.D.C. 79, 184 F.2d 449 (1950). In any case, seriously inequitable result should be avoided in deciding procedural questions. District of Columbia, 96 U.S.App.D.C. 399, 226 F.2d 763 (1955)."

*Winter v. Crowley*, 374 F.2d 317, 319 (fn. 7) (D.C. Cir. 1967)

Courts have refused to grant a motion to dismiss based solely on the ground of an untimely filed brief. "Failing to file a brief within the periods prescribed by the appellate rules is not a jurisdictional defect and '[i]t is … always within this court's discretion to permit the late filing of a brief for good cause.'" *Bartell v. Aurora Pub. Sch.,* 263 F.3d 1143, 1146 (10th Cir. 2001) *overruled on other grounds by Pignanelli v. Pueblo Sch. Dist. No. 60,* 540 F.3d 1213 (10th Cir. 2008) (citations omitted); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.,* 403 F.3d. 709, 712 (10th Cir. 2005).

Appellant sets forth the following facts supporting her requested extension:

1. Appellant's Opening Brief was due on August 13, 2014.
2. Appellant filed a streamlined request on August 24, 2014 believing her Opening Brief was due on the same date as the other Appellants' Opening Briefs were due. Appellant noticed the due date of August 29, 2014, which was the actual due date of Appellant Cochran's Opening Brief, and only discovered she wrongly calendared the date when the court rejected her streamlined request for an extension of time to file Appellant Morrison's Opening Brief.
3. Appellants' had a meditation on July 28, 2014 and have been consistently focused on the follow-up confidential settlement negotiations.
4. Appellant's Opening Brief will present arguments made in good faith on very important issues from the district court on the Final Order/Judgment (Dist. Ct. Dkt. 79).
5. Appellant should not suffer forfeiture of her appeal because of clerical or logistical mistakes made by her attorney.
6. Appellees will suffer no prejudice if the Opening Brief date is extended because Appellant Cochran has requested an extension to file her Opening Brief and said extension was granted. Appellant Hignite failed to file a timely extension for her Opening Brief.
7. Appellant will suffer prejudice and permanent harm if she is not given additional time to file her Opening Brief resulting in inequitable harm.
8. Appellant is prepared to file her Opening Brief upon an extension.

The Declaration of Denise H. Gibbon in support of this motion is attached.  With all due respect, we ask this Court to grant this motion for an extension of time to file the Opening Brief.

Dated:  8-27-14                                                                   Denise H. Gibbon

/s/ Denise H. Gibbon
_____

Denise H. Gibbon
Attorney for Appellant
Kim Morrison

## **DECLARATION OF DENISE H. GIBBON**

I, DENISE GIBBON, hereby declare under penalty of perjury as follows:

1. I, DENISE GIBBON, am an attorney at law duly licensed to practice before all courts of the State of California;
2. I have personal knowledge of the facts set forth herein and, if called upon to do so, I could competently testify to the same.
3. This Declaration is made in support of Appellant Morrison's request for an extension of time to file an Opening Brief.
4. I have informed all counsel for Appellees about my intent to request relief and they will likely oppose this motion.
5. This request is based upon my mistaken belief that Appellant's Opening Brief was due at the same time as other Appellants' briefs. Thus, I calendared the Opening Brief for August 29, 2014, which is the same date on which the Opening Brief for Appellant Cochran was due.
6. I filed for an streamlined request for extension of time (Automatic 30 day Extension) on August 24, 2014 and only discovered by mistake about the due date when the Court rejected my request and stated I must file this extension per 9th Cir. R. 31-2.2(b) as requested by this Court.
7. This motion is sought for good cause and not solely for the purpose of delay. If Appellant had made a timely request for a streamlined request, the Opening Brief would be due September 13, 2014. Based on the extension of time to file an opening brief granted to Appellant Cochran, that party's brief will be due on September 23, 2014. Thus, the parties will suffer no prejudice by the late filing of this Opening Brief for two reasons. First, Appellant Morrison requests an extension to the same date, i.e., September 23, 2014 and, second, the parties are currently involved in ongoing confidential negotiations to settle following a formal mediation.
8. I was very focused in ongoing confidential negotiations to settle following a formal mediation and filed the request for an automatic extension to give all parties time to reach a settlement.
9. The court reporter is not in default with regard to any designated transcripts.

Executed on this 27th day of August 2014 at Cary, North Carolina.

/s/Denise H. Gibbon
_____
DENISE H. GIBBON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party through the Court's electronic filing service on August 27, 2014.

/s/Denise H. Gibbon

_____
DENISE H. GIBBON